UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **BENJAMIN LEVINE** | ) | Civil Action No. 05-3566 |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Hon. William J. Martini |
| | ) | U.S.D.J. |
| **JEANNETTE A. HOFFMAN, ESQ.,** | ) | |
| **JASON O'NEILL, SANDRA VILLANTI** | ) | |
| **KALLIOPI MARKIS, AND EAST** | ) | |
| **COAST TITLE** | ) | REPORT AND |
| *Defendant.* | ) | RECOMMENDATION |
| | ) | |

## INTRODUCTION

On July 26, 2005, I issued an Order to show cause why the Complaint should not be dismissed for lack of subject matter jurisdiction. Plaintiff did not respond. There was no oral argument. Rule 78.

## BACKGROUND

Plaintiff filed this action against defendants on July 6, 2005. Plaintiff contends that defendant Jeannette A. Hoffman, Esq., fraudulently took plaintiff's property without the compensation agreed upon. Defendant Kalliopi Makris was granted the right to sell plaintiff's property to defendants Jason O'Neill and Sandra Villanti upon agreeing to pay the debts of the plaintiff, who paid to settle a foreclosure action against the same property. Defendant East Coast Title Agency guaranteed a clear title that required the release of plaintiff based on an agreement to pay plaintiff's debts, which stopped foreclosure. By refusing to pay the debt from the escrow account, as agreed upon, plaintiff contends that defendants took the property by fraud. Plaintiff

alleges violations of his civil rights under 42 U.S.C. § 1981 et. seq., specifically, 42 U.S.C. § 1983.

## DISCUSSION

Federal courts are courts of limited jurisdiction. Plaintiff claims that the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction) and 28 U.S.C. § 1343. 28 U.S.C. § 1331 provides that, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "[The] question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'" Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 808 (1986).

The Complaint makes reference to jurisdiction based on the Constitution. Plaintiff alleges that defendants took his property by fraud, thereby violating his constitutional rights. He states that the freedom to the quiet enjoyment of one's house and land and the lawful use thereof is a basic constitutional dimension protected by the Fifth and Fourteenth Amendments. However, I am not satisfied that subject matter exists as no state action is alleged.

## CONCLUSION

For the reasons set forth above, I recommend that the Complaint be dismissed without prejudice for lack of subject matter jurisdiction.

Pursuant to Local Civil Rule 72.1(c)(2), the plaintiff has ten (10) days from receipt of this Report and Recommendation to file and serve objections.

s/ Ronald J. Hedges<br>United States Magistrate Judge

Copy:  Judge William J. Martini